IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RON AND CINDY JOHNSON, INDIVIDUALLY, AND AS GUARDIANS OF AND NEXT FRIENDS OF STEPHEN JOHNSON, NCM | § § § § § | |
| **Plaintiffs** | § § | |
| VS. | § § | NO: 4:18-cv-591 (JURY) |
| | § § | |
| UNITED HEALTHCARE INSURANCE CO., ADVANCED MEDICAL REVIEWS, LLC, | § § § | |
| **Defendants** | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **RON AND CINDY JOHNSON, INDIVIDUALLY, AND AS GUARDIANS OF AND NEXT FRIENDS OF STEPHEN JOHNSON,** *NON COMPOS MENTIS* **("NCM"),** Plaintiffs, and file this their First Amended Complaint, complaining of and against **UNITEDHEALTHCARE INSURANCE CO. ("UHIC") and ADVANCED MEDICAL REVIEWS, LLC ("AMR"),** Defendants in this cause, and in support thereof, would respectfully show the Court the following, to-wit:

1.     Plaintiffs are citizens of the State of Texas.

2.     Defendant, **UNITEDHEALTHCARE INSURANCE CO.,** mistakenly referred to as **UNITED HEALTHCARE INSURANCE CO.** in Plaintiff's Original Complaint, is a health insurance company from Connecticut, and can be served with summons by serving its counsel of record.

3.      Defendant, **ADVANCED MEDICAL REVIEWS, LLC,** is a company from Georgia, and can be served with summons by serving its counsel of record.

4.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, and Plaintiffs and Defendants are residents and citizens of different states; therefore, this Court has jurisdiction.

5.      This Court has venue because all or a substantial part of these causes of action listed below occurred in the Eastern District of Texas, Sherman Division, and Plaintiffs were residents in the Eastern District of Texas when the cause of action occurred.

6.      On or about February 17, 2017, Stephen Johnson was traveling as a passenger in a vehicle being driven by Thomas Reunard which ran off of the road and crashed.  Mr. Reunard was killed in the crash and Stephen suffered a head injury causing him to be comatose and NCM.  Ron and Cindy Johnson are Stephen's parents and legal guardians.  Stephen was 22 years old at the time of his car accident.

7.      Stephen began slowly recovering and waking up a few months after the car accident.  He even began speaking to his parents at some point in time.  The doctors and other staff felt that Stephen needed immediate skilled level, traumatic brain injury ("T.B.I.") rehabilitation once he began coming out of his coma.  Numerous requests were made to Defendant, UHIC, the health insurance carrier for Stephen Johnson, for these services.

8.      Below is a summary of how these requests for critical and timely rehabilitation were dealt with by Defendant, UHIC, to-wit:

      a.      May 4, 2017:  Therapy was denied while in skilled nursing care.

b.        June 5, 2017:  Skilled nursing care was denied.  Further brain injury care was also denied.  Stephen became a Medicaid bed in a nursing home with no rehabilitation services.  He was routinely sedated with no therapy whatsoever.

c.        June 9, 2017:  Despite acceptance into T.B.I. rehabilitation at Texas Neuro Rehab in Austin, Texas, Defendant, UHIC, denied rehabilitation services.  A secondary level appeal by Ron and Cindy Johnson was also denied.

d.        July 6, 2017:  Despite progress and a higher level on the coma scale, acute rehabilitation at Baylor Institute of Rehabilitation was denied.  Baylor had even accepted Stephen Johnson as a patient.

e.        August 21, 2017:  Despite continued improvement and acceptance at TIRR Memorial Hermann in Houston, Texas, acute brain trauma rehabilitation at TIRR was denied.

f.        September 18, 2017:  For a second time, Baylor Institute for Rehabilitation accepted Stephen Johnson for acute brain trauma rehabilitation and Defendant, UHIC, denied coverage.

g.        October 5, 2017:  After submitting a secondary level appeal of the UHIC denials of coverage for acute rehabilitation at Baylor Institute of Rehabilitation, the denials by Defendant, UHIC, were finally overturned.

9.        These denials for critical and timely rehabilitation were as a result of reviews by a third party vendor for Defendant, UHIC.  The third party vendor at that time was Defendant, AMR.  The alleged "board certified" doctor in charge of reviewing the appeals hereinabove (and denying same) was not actually a licensed physician as represented by Defendant, in writing, to Plaintiffs.  The alleged doctor was, in fact, a person who was impersonating a licensed physician.  The alleged doctor was, instead, a convicted felon who had been forced to give up his license to practice medicine as part of a plea agreement and who was serving out the remainder of his sentence on parole and/or in a

halfway house. These reviews and denials of critical treatment and rehabilitation were in the same time period that this impersonator was working for Defendant, AMR, and reviewing Stephen Johnson's files. What makes it even more egregious is that the impersonator's employment was the second stint at Defendant, AMR. This impersonator worked from September of 2013 through March of 2014, and from November of 2016 through August of 2017. Had Defendant, AMR, vetted this impersonator the first time, he/she would not have been reviewing Stephen Johnson's requests for medical treatment and rehabilitation, and denying same.

10.    It was only after the impersonator was caught (and eventually arrested for a second time) that Stephen Johnson's appeals were overturned and he started receiving critical T.B.I. rehabilitation. Unfortunately, it was too late.

11.    Plaintiffs bring their claims against UHIC, as follows, to-wit:

a.    Defendant, UHIC, is afforded Federal pre-emption pursuant to the Employee Retirement Income Security Act of 1974 (ERISA); however, it can be sued, non-jury, for the benefits it wrongfully denied to Stephen Johnson, plus interest on same;

b.    Plaintiffs are further entitled to their reasonable and necessary attorneys' fees for bringing this ERISA cause of action against Defendant, UHIC.

12.    AMR is not protected by any Federal statute in that said Defendants were not and are not providers, *inter alia*, of medical services for Stephen Johnson. Said Defendants are subject to any and all State and Federal causes of action for their wrongdoings and malfeasance.

13.    Plaintiffs bring suit against AMR as follows, to-wit:

a.    Negligently allowing a person posing as a licensed physician to deny Stephen Johnson critical and timely medical care;

b.    Violating the Texas Deceptive Trade Practices Consumer Protection Act (DTPA) by:

      I.      Passing off goods or services as those of another;

      ii.     Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

     iii.    Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

     iv.    Explicit or implicit representation that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

      v.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

     c.    Violating Texas Administrative Code, Title 28, Rule § 12.202, by allowing a review to be performed by someone who had his license revoked;

14.    The AMR Defendants were grossly negligent by their actions as same is defined in §41 *et seq* of the Texas Civil Practice & Remedies Code, and Plaintiffs are suing for exemplary damages at the highest amounts allowed by law and statute.

15.    Stephen Johnson has a life expectancy of approximately 77 more years of life according to the Actuarial Life Tables provided by the United States government (for which this Court can take judicial notice) and the damages he has suffered will extend to his entire lifetime.

16.    Among other things, Stephen Johnson has suffered the following as a proximate result of the malfeasance of Defendants listed hereinabove, to-wit:

     a.    While in a Medicaid bed at Park Manor, Stephen Johnson was denied care from a skilled T.B.I. doctor and instead received care from a general practitioner.  Many of the limitations

below could have been avoided if he had emerged from the coma earlier <u>and</u> received rehabilitation services.

  b.    The contracture of his right foot could not be corrected in rehabilitation because it had been left without therapy for too long.  His Achilles tendon had to be cut as a result in order for him to be able to stand and walk.  This means he will never have full use of that foot...ever.  It will forever limit his ability to walk.

  c.    The contractures of Stephen Johnson's right fingers could not be corrected in rehabilitation because they had been left without therapy for too long.  If he continues to be unable to speak, the use of that right hand for sign language and typing would be essential.

  d.    When Stephen Johnson emerged from his semi-conscious coma state in late May he spoke fairly clearly; even in 3-4 word sentences.  He cannot currently speak, and he would have continued to develop his speech had he received speech therapy early on.

  e.    During his sedentary state as a while in a Medicaid bed, Stephen Johnson suffered numerous urinary tract infections.

17.    Plaintiffs are entitled to their attorneys' fees under the DTPA, as well as treble damages.

18.    Plaintiffs' damages well exceed one million dollars and they are entitled to both pre-judgment and post-judgment interest at the highest rates allowed by law or statute.

<strong>REQUEST FOR JURY TRIAL</strong>

19.    Plaintiffs respectfully request a trial by a jury of their peers.

20.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be summoned to appear and answer, and that upon final trial, Plaintiffs recover a judgment against Defendants, jointly and severally, for damages, interest, costs, exemplary damages, and for such other and further relief to which Plaintiffs may be justly entitled, general and special, at law and at equity.

**RESPECTFULLY SUBMITTED:**

**G.R. (RANDY) AKIN, P.C.**
**ATTORNEY-MEDIATOR**
**GRA@RANDYAKIN.COM**
**GREG@RANDYAKIN.COM**
**WWW.RANDYAKIN.COM**
**3400 WEST MARSHALL AVE.**
**SUITE 300**
**LONGVIEW, TEXAS  75604**
**(903) 297-8929**
**(903) 297-9046 (FAX)**

   */s/ RANDY AKIN*
**G.R. (RANDY) AKIN**
**STATE BAR NO. 00954900**
**GREGORY C. BURTON**
**STATE BAR NO. 24081679**

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

   I certify that on the 26th day of November, 2018, a copy of the foregoing First Amended Complaint was sent electronically to all counsel of record via the Court's CM/ECF system.


   /s/ Randy Akin
   G.R. (Randy) Akin