# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **RON AND CINDY JOHNSON,** *individually and as guardians of and next friends of* **STEPHEN JOHNSON, NCM,** | § § § § | |
| Plaintiffs, | § § | Civil Action No.: 4:18-cv-00591 |
| v. | § § | |
| **UNITED HEALTHCARE INSURANCE CO.,** and **ADVANCED MEDICAL REVIEWS, LLC,** | § § § § § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 18, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Dkt. #84) that Advanced Medical Reviews, LLC's ("AMR" or "Defendant") Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") (Dkt. #79) be denied. On July 2, 2020, Defendant filed objections (the "Objections") (Dkt. #85), and Plaintiffs filed a response (the "Response") (Dkt. #86) on July 6, 2020.

### I.   BACKGROUND

This suit originated when Plaintiffs Ron and Cindy Johnson, individually, and as guardians of and next friends of Stephen Johnson ("S.J."), Non Compos Mentis, filed suit against United Healthcare Insurance Company ("UHIC") and AMR. (*See* Dkt. #1).

As described in the Report, Stephen Johnson was severely injured in a vehicle crash in February of 2017 rendering him non compos mentis. His insurance carrier, UHIC, denied coverage for a variety of treatments, rehabilitation programs, and skilled care pursuant to a medical insurance plan established and maintained by Morgan Stanley for the benefit of eligible employees and their beneficiaries (the "Plan"). Plaintiffs allege the denials "were as a result of reviews," by AMR, a third-party vendor in charge of reviewing appeals of coverage decisions made by UHIC.

Plaintiffs contend that the ultimate reviewer of the appeals at AMR was presented by AMR, in writing, as a licensed physician. Plaintiffs allege the reviewer was impersonating a licensed physician and was in actuality a convicted felon who had been forced to give up his license to practice medicine. Plaintiffs argue that AMR did not properly vet the reviewer, but if it had, the impersonator would not have reviewed and denied S.J's request for medical treatment and rehabilitation. In support, Plaintiffs note that once the impersonator was discovered and arrested for a second time, S.J.'s appeals were overturned and S.J. began receiving coverage for rehabilitation, but significant, irreversible damage had already occurred, including the cutting of S.J.'s Achilles tendon and the loss of full use of his foot, permanent damage to his right fingers, and the loss of re-development of his ability to speak.

Plaintiffs asserted claims against UHIC and AMR pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), but the claims against UHIC have since been resolved. (Dkt. #66). The remaining pending claims are asserted, therefore, against AMR for damages incurred by S.J. that were a proximate cause of the denial of medical treatment and rehabilitation. (Dkt. #76 at pp. 4–6). In the present Motion, Defendant argues it is not a proper party to Plaintiffs' ERISA claims.

## II.     ANALYSIS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3).

Defendant objects to the Report on a single ground, that Defendant is not a proper party to an ERISA action. (Dkt. #85 at pp. 3–5). Defendant's Objections is a near word for word recitation of the Motion.

AMR contends it is an independent review organization ("IRO") that is not a proper party to an ERISA action. (Dkt. #85 at p. 5). AMR argues it cannot be sued under the Plan because IRO's do not control administration of medical insurance plans and do not control claims under such plans. (Dkt. #85 at p. 5). An IRO can, to the contrary, be held liable under ERISA. The Report detailed the law as to when an entity can be held liable:

> The Fifth Circuit addressed the issue of whether a third-party administrator can be held liable under ERISA in *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, wherein the district court's decision to find the third-party administrator liable was affirmed. 703 F.3d 835, 845 (5th Cir. 2013). In agreeing with other circuit courts, the court held that "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan" which can consist of someone other than the plan administrator. *Id.* at 845 (5th Cir. 2013) (quoting *Gomez-Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654, 665 (1st Cir. 2010)). "If an entity or person other than the named plan administrator takes on the responsibilities of the administrator, that entity may also be liable for benefits." *See id.* (quoting *Gomez-Gonzalez*, 626 F.3d at 665); *see also, Woods v. Riverbend Country Club, Inc.*, 320 F.Supp.3d 901, 907-908 (S.D. Tex. 2018); *Josef K v. California Physicians' Serv.*, No. 18-cv-06385-YGR, 2019 WL 2342245 at *7-8 (N.D. Cal. June 3, 2019); *Hecht v. Summerlin Life & Health Ins. Co.*, 536 F.Supp.2d 1236, 1242 (D. Nev. 2008) ("A person with the authority to grant or deny claims, or to review the denial of claims, for benefits under the relevant ERISA plan is a fiduciary.").

(Dkt. #84 at p. 4). Thus, the issue is not simply whether AMR is an IRO. As Defendant has previously conceded, and reiterated in the Objections, an entity may be liable under ERISA when

it "exercised control over a plan's benefits claims process." (Dkt. #85 at p. 6). As noted by Defendant, a third party only "exercises control" over a plan when it "exercise[s] discretion and actual control over the administration of benefits." (Dkt. #85 at p. 6) (citing *LifeCare*, 703 F.3d at 845).

AMR argues that the documents at issue, namely the Plan, confirm its position that UHC rather than AMR was "responsible for controlling the administration of medical benefits under the plan." (Dkt. #85 at p. 8). In the Report, the Magistrate Judge reminded Defendant that at the motion to dismiss stage, the Court must assume all well-pleaded facts are true and view those facts in the light most favorable to Plaintiffs. (Dkt. #84 at p. 5) (citing *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012)). Based on the allegations in the Second Amended Complaint, AMR exercised control over the Plan's claims process. Plaintiffs assert that AMR made the final claims decision, that the "denials for critical and timely rehabilitation were as a result of reviews by a third party [sic] vendor for Defendant, UHIC. The third party [sic] vendor at that time was Defendant, AMR." (Dkt. #76 at p. 3). Defendant does not object to the Report's finding that even if the Plan suggests that AMR *should not* have exercised control over the claims process, it is a possibility that AMR did in fact exercised control in this particular case. (*See* Dkt. #84 at p. 5). For this reason alone, the Court agrees with the Report that dismissal of Plaintiffs' claims is improper at the motion to dismiss stage.

However, the Court also agrees with the Report's finding that the Plan provides support for Plaintiffs' allegations. The Plan notes that appeal is available by an independent third-party. (Dkt. #79-2 at p. 177). The Plan states that "[a]ll decisions of the Appeal Reviewer . . . are final, conclusive and binding," noting that "[i]f, however, you believe that the Appeal Reviewer did not follow the terms of the plan or has violated the law, you may bring a legal action under ERISA."

4

(Dkt. #79-2 at p. 183). Thus, the Plan supports Plaintiffs' claims, at least in part. As noted in the Report, the Plan even directs potential plaintiffs to bring a challenge as legal action under ERISA. (Dkt. #84 at p. 6).

Defendant does not distinguish the finding in the Report or case law regarding the same, relying only on a repeated assertion that the Court should construe the language of the Plan in their favor and find that AMR did not exercise control of the administration of medical benefits. However, the Court agrees with the Report that, at this early stage of litigation, upon a Rule 12 motion, Plaintiffs have adequately alleged that AMR is a proper defendant pursuant to ERISA.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant Advanced Medical Reviews, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 79) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 17th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE